UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4719 CAS (FMOx) | | Date | April 28, 2008 |
|---|---|---|---|---|
| Title | DALLAS ALLOWAY v. RELIASTAR LIFE INS. CO.; ET AL. | | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|

| CATHERINE JEANG | LAURA ELIAS | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Robert Gianelli | Margaret Levy |
| Jully Pae | Carlos Needham |

**Proceedings:** DEFENDANT RELIASTAR LIFE INSURANCE CO.'S MOTION FOR SUMMARY JUDGMENT UNDER RULE 56 (filed 02/27/08)

## I.    INTRODUCTION

On July 28, 2006, on behalf of himself and all others similarly situated, plaintiff filed suit against defendants ReliaStar Life Insurance Company ("ReliaStar") and Farmer Brothers Company Long Term Disability Plan ("the Farmer Brothers Plan"). Plaintiff filed a first amended complaint ("FAC") on September 20, 2006. On December 28, 2006, the Court granted in part and denied in part defendants' motion to dismiss the FAC. Plaintiff filed the second amended complaint ("SAC") on March 15, 2007. On April 19, 2007, the parties stipulated to dismiss the Farmer Brothers Plan without prejudice. On May 21, 2007, the Court granted in part and denied in part ReliaStar's motion to dismiss the SAC.

Plaintiff alleges that ReliaStar has "improperly reduced the disability income benefits of Plaintiff and other employees/participants by offsetting from those benefits any workers' compensation disability benefits received by the employees/participants, contrary to the terms of the plans." SAC ¶ 1. Plaintiff purports to represent a class consisting of

> [a]ll California residents who have been or are participants under ERISA plans funded by group disability income policies issued by Reliastar to plans established by California employers.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4719 CAS (FMOx) | Date | April 28, 2008 |
|---|---|---|---|
| Title | DALLAS ALLOWAY v. RELIASTAR LIFE INS. CO.; ET AL. | | |

SAC ¶ 11.  Additionally, plaintiff purports to represent a subclass consisting of

> [a]ll California residents (1) who have been or are participants
> under ERISA plans funded by group disability income policies
> issued by Reliastar to plans established by California employers
> and (2) who have had their benefits under those plans reduced
> by amounts received for workers' compensation permanent
> disability benefits.

Id.

Plaintiff alleges a claim, on behalf of the subclass, for recovery of plan benefits pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1132(a)(1)(B) ("ERISA").  Plaintiff also alleges a claim, on behalf of the class, for breach of fiduciary duties owed under 29 U.S.C. § 1132(a)(3) and § 1109(a).  In its May 21, 2007 Order granting in part and denying in part defendants' motion to dismiss, the Court dismissed plaintiff's claim under § 1132(a)(3) to the extent that plaintiff seeks to enjoin defendant from offsetting any workers' compensation disability benefits as income.  The Court permitted plaintiff to proceed under § 1132(a)(3) to the extent that plaintiff seeks to require defendant to determine the character of workers' compensation permanent disability benefits before offsetting them as income.

ReliaStar filed the instant motion for summary judgment on February 27, 2008.  Plaintiff filed an opposition thereto on March 17, 2008.  ReliaStar filed a reply on March 31, 2008.  A hearing was held on April 28, 2008.  After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

**II.    FACTUAL BACKGROUND**

Plaintiff is a former employee of Farmer Brothers Company.  SAC ¶ 7.  He became totally disabled under the terms of the plan after suffering injuries to his back.  Id. Plaintiff receives long term disability benefits under a group disability policy, Group Policy No. GH-26460-1 ("the Policy"), issued by ReliaStar.  Id. ¶¶ 5-7.  Plaintiff also receives workers' compensation permanent disability benefits.  Id. ¶ 8.

The Policy provides that the "monthly income benefit" is calculated as the "lesser

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4719 CAS (FMOx) | Date | April 28, 2008 |
|---|---|---|---|
| Title | DALLAS ALLOWAY v. RELIASTAR LIFE INS. CO.; ET AL. | | |

of 60% of your Basic Monthly Earnings or $5,000, minus Other Income."  Declaration of Nancy Collins-Jabas ("Jabas Decl.") ¶ 2, Ex. A at 38.  "Other Income" is defined as

> income you and your dependents are eligible to receive because
> of one of the following:
> - your age
> - the same or related disability for which you are
>   eligible to receive benefits under the Group Policy.
>
> Other Income is subtracted from the benefit you would
> otherwise receive, as shown on the Schedule of benefits. . . .

Id. at 42.

> The Policy further defines "Other Income" as follows:
>
> Other Income includes, but is not limited to, the following:
> - Federal Social Security benefits.
> - State Disability benefits.
> - Railroad Retirement Act benefits.
> - Other government disability or retirement income.
> - *Worker's Compensation benefits.*
> [etc.] . . .

Id. (emphasis supplied)

> Additionally, the Policy provides that
>
> Other income includes only the following retirement benefits:
> - Early retirement benefits you are receiving that are voluntarily
>   selected.
> . . .
>
> ReliaStar considers retirement benefits received before age 62,
> or if later, before normal retirement age, to be voluntarily
> selected until you provide written proof satisfactory to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4719 CAS (FMOx) | Date | April 28, 2008 |
|---|---|---|---|
| Title | DALLAS ALLOWAY v. RELIASTAR LIFE INS. CO.; ET AL. | | |

ReliaStar Life that you did not elect to receive benefits voluntarily.

Id.

Regardless of the amount of benefits that are offset as "Other Income," the Policy provides that a participant is entitled to a "minimum monthly income benefit," which is the greater of $100 or 10% of the participant's gross monthly income benefit. Id. at 38.

The Policy provides that "ReliaStar has final discretionary authority to determine all questions of eligibility and status and to interpret and construe the terms of this policy(ies) of insurance." Id. at 57.

**III.   LEGAL STANDARD**

Summary judgment is appropriate where "there is no genuine issue as to any material fact" and "the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each cause of action upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party has sustained its burden, the nonmoving party must then identify specific facts, drawn from materials on file, that demonstrate that there is a dispute as to material facts on the elements that the moving party has contested. See Fed. R. Civ. P. 56(c). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990). See also Celotex Corp., 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322. See also Abromson v. American Pacific Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4719 CAS (FMOx) | Date | April 28, 2008 |
|---|---|---|---|
| Title | DALLAS ALLOWAY v. RELIASTAR LIFE INS. CO.; ET AL. | | |

& n.3 (9th Cir. 1987).  When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997).  Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue.  See Matsushita, 475 U.S. at 587.

## IV.    DISCUSSION

Central to the dispute in this case is the following question: when calculating plaintiff's disability payments, which other benefits received by plaintiff may ReliaStar offset under the terms of the Policy?  The answer to this question depends on what constitutes "Other Income" within the meaning of the Policy, and, in particular, the extent to which plaintiff's workers' compensation disability benefits are comprised of "Other Income."

Plaintiff argues that "Other Income" refers only to payments made to him as wage replacement.  Thus, plaintiff contends that ReliaStar improperly offset his workers' compensation permanent disability benefits, which, plaintiff argues, are not paid for lost wages under California law.  See Livitsanos v. Super. Ct., 2 Cal. 4th 744, 753 (1992) (noting that "temporary disability" workers' compensation benefits "are a substitute for lost wages during a period of temporary incapacity from working," while "permanent disability" workers' compensation benefits "are provided for permanent bodily impairment, to indemnify for impaired future earning capacity or decreased ability to compete in an open labor market.").  Plaintiff points to the deposition of one of ReliaStar's claim managers, Sandra Sykloski, which contains the following exchange:

> Q:    Now, over the last approximately five years, when it is
>        learned that a claimant has received Workers'
>        Compensation benefits, has Reliastar offset all the
>        benefits received by the plaintiff?
> A:    Yes, if they are for wage loss.

Declaration of Robert S. Gianelli ("Gianelli Declaration") ¶ 2, Ex. 1 at 4, 14.  On the basis of this testimony, plaintiff argues that it is ReliaStar's practice to offset only for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4719 CAS (FMOx) | Date | April 28, 2008 |
|---|---|---|---|
| Title | DALLAS ALLOWAY v. RELIASTAR LIFE INS. CO.; ET AL. | | |

those benefits that are paid for wage loss. Despite this practice, plaintiff maintains that ReliaStar improperly offset his workers' compensation benefits without first conducting an investigation to determine the character of these benefits. Such an investigation, plaintiff argues, would have revealed that his workers' compensation permanent disability benefits were not meant to compensate him for lost wages.

ReliaStar contends that, under its reading of the term "Other Income," it is entitled to deduct all workers' compensation benefits from plaintiff's disability payments, regardless of whether or not they are for lost wages. In support of its interpretation of the Policy, ReliaStar points out that, under the Policy, "Other Income" includes "Workers' Compensation Benefits," without limitation to those workers' compensation benefits that are intended as wage replacement. ReliaStar also argues that the fact that the definition of "Other Income" includes income received due to advanced age indicates that this definition encompasses benefits that were not awarded for lost earnings.

ReliaStar argues that plaintiff's claims must fail for three reasons. First, defendant contends that its interpretation of "Other Income" as applying to all workers' compensation permanent disability benefits, including benefits not awarded for the purposes of wage replacement, is entitled to broad deference. Next, ReliaStar contends that plaintiff lacks standing to proceed in this action because he cannot show an injury in fact. Finally, ReliaStar contends that plaintiff's claims are barred under California law. The Court considers each of these arguments in turn.

### A.    The Meaning of "Other Income"

Under Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989), the terms of an ERISA plan are generally interpreted *de novo*. However, where a benefit plan gives an administrator discretionary authority to determine eligibility for benefits or interpret the plan terms, the administrator's eligibility determination is reviewed according to an abuse of discretion -- or "arbitrary and capricious" -- standard. Peralta v. Hispanic Bus., Inc., 419 F.3d 1064, 1074 n.14 (9th Cir. 2005); Sabatino v. Liberty Life Assur. Co., 286 F. Supp. 2d 1222, 1229 (N.D. Cal. 2003).

ReliaStar contends that because the Policy gives it final discretionary authority to interpret and construe the Policy terms, the abuse of discretion standard of review applies, and its interpretation of "Other Income" is entitled to deference so long as this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4719 CAS (FMOx) | Date | April 28, 2008 |
|---|---|---|---|
| Title | DALLAS ALLOWAY v. RELIASTAR LIFE INS. CO.; ET AL. | | |

interpretation is reasonable.  Barnett v. Kaiser Found. Health Plan, 32 F.3d 413, 416 (9th Cir. 1994) (in a case involving an insurer vested with discretionary power to determine eligibility for benefits, noting that the "inquiry is not into whose interpretation of plan documents is most persuasive, but whether the plan administrator's interpretation is unreasonable.") (quotations omitted).  ReliaStar contends that because the Court, in its December 28, 2006 Order, found that the meaning of "Other Income" is ambiguous, it implicitly concluded that ReliaStar's interpretation of this term was reasonable.  See December 28, 2006 Order at 7.  Thus, ReliaStar maintains that the Court must defer to its interpretation of "Other Income," such that plaintiff is not entitled to relief on the basis of his contrary interpretation of this term.

        Plaintiff responds that ReliaStar's purported interpretation of "Other Income" has been constructed for the sole purpose of shielding itself from liability in this matter.  Plaintiff argues that ReliaStar's claim manager admitted in her deposition that, in fact, ReliaStar does not interpret "Other Income" as including non-wage loss workers' compensation benefits when calculating the disability payments that plan participants are to receive.  Additionally, plaintiff contends that ReliaStar's interpretation of "Other Income" conflicts with the dictionary definition of the word "income," which is "a gain or recurrent benefit usually measured in money that derives from capital or labor." Merriam-Webster's Collegiate Dictionary (10th ed.), income.  Furthermore, plaintiff contends that ReliaStar's position that it may offset all workers' compensation benefits is untenable because workers' compensation includes medical benefits, attorneys' fees, and death benefits, which, according to plaintiff, could not reasonably be construed as "income."  Moreover, plaintiff argues, ReliaStar has admitted that it does not offset workers' compensation awards to the extent that they are comprised of attorneys' fees or future medical bills.  Motion 13.

### 1.      The Doctrine of *Contra Proferentem* Does Not Apply

        Plaintiff argues that, regardless of the discretion accorded to ReliaStar under the terms of the Policy, the doctrine of *contra proferentum* requires that, to the extent that the Policy language is ambiguous, this ambiguity must be resolved against ReliaStar.
        "*Contra proferentem*, which is recognized by federal common law and the law of every state and the District of Columbia, see Kunin v. Benefit Trust Life Ins. Co., 910 F.2d 534, 538-40 (9th Cir. 1990), holds that 'if, after applying the normal principles of contractual construction, the insurance contract is fairly susceptible of two different

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4719 CAS (FMOx) | Date | April 28, 2008 |
|---|---|---|---|
| Title | DALLAS ALLOWAY v. RELIASTAR LIFE INS. CO.; ET AL. | | |

interpretations, another rule of construction will be applied: the interpretation that is most favorable to the insured will be adopted.'" Blankenship v. Liberty Life Assur. Co., 486 F.3d 620, 625 (9th Cir. 2007) (quoting Kunin, 910 F.2d at 539). "The rule applies in interpreting ambiguous terms in an ERISA-covered plan except where the plan: (1) grants the administrator discretion to construe its terms, (2) is the result of a collective-bargaining agreement, or (3) is self-funded." Id. (citing Winters v. Costco Wholesale Corp., 49 F.3d 550, 554 (9th Cir. 1995); Eley v. Boeing Co., 945 F.2d 279-80 (9th Cir. 1991); Kunin, 910 F.2d at 540).

There is no basis for invoking the doctrine of *contra proferentem* here because the first of the foregoing exceptions applies in this case: the Policy indisputably grants ReliaStar discretion to interpret the Policy's terms. Plaintiff attempts to avoid this result, suggesting that the cases upon which Blankenship relied do not support its statement of the exceptions to the *contra proferentem* doctrine. However, in Winters, after noting that the doctrine does not apply where the plan is the result of collective bargaining or is self-funded, the court stated that it is also not proper "to rely on [the doctrine of *contra proferentem*] where, as here, the Plan grants the fiduciary explicit discretion to interpret the Plan." Winters, 49 F.3d at 554. The court explained that where an ERISA plan provides that the plan administrator has complete discretion and authority to construe ambiguous language in the plan, there is no question as to how the meaning of ambiguous plan language is to be decided, and therefore, the rule of *contra proferentem* does not apply. Id.

Plaintiff appears to argue that Winters' holding is limited to cases in which a plan that confers discretion upon the administrator is also self-funded, which is not the case here. While Winters' holding is phrased with respect to self-funded ERISA plans, plaintiff does not explain why its reasoning should be confined to such plans. Moreover, to the extent that Winters leaves open the possibility that its exception for plans that confer discretion upon the administrator applies only when a plan is self-funded, this ambiguity in the law was put to rest in Blankenship, which, stating the exceptions to the rule of *contra proferentem* in the disjunctive, found no basis for limiting the "discretion" exception in this manner. Thus, because the Policy vested ReliaStar with discretion to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                      O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4719 CAS (FMOx) | Date | April 28, 2008 |
|---|---|---|---|
| Title | DALLAS ALLOWAY v. RELIASTAR LIFE INS. CO.; ET AL. | | |

interpret the Policy terms, the rule of *contra proferentem* is inapplicable in this case.[1]  See
Neiheisel v. AK Steel Corp., 2008 U.S. Dist. LEXIS 5907, at *6, *10 (S.D. Ohio 2008)
(discussing Blankenship and stating that the doctrine does not apply when the court
reviews a plan's interpretation under an arbitrary and capricious standard of review,
which applies when a plan vests discretion in the administrator to interpret the plan
terms).


2.      **Deference Accorded to ReliaStar's Interpretation of the Term**
        **"Other Income"**


a.      **Whether Abatie Applies**

Plaintiff argues that ReliaStar's interpretation of the Policy is entitled to little or no
deference because it has a structural conflict of interest in that it simultaneously
underwrites and administers the Policy.  Abatie v. Alta Health & Life Ins. Co., 458 F.3d
955, 965 (9th Cir. 2006) (en banc) ("an insurer that acts as both the plan administrator
and the funding source for benefits operates under what may be termed a structural
conflict of interest.").  Where, as here, a person's claim to ERISA plan benefits have been
denied by a claims administrator which (1) has been conferred discretion under the terms
of the plan and which (2) has a conflict of interest, the applicable standard of review is
that set forth in Abatie.  There, the court held that, in these circumstances, a court must
review the administrator's determination for abuse of discretion, but that this review is
"informed by the nature, extent, and effect on the decision-making process of any conflict
of interest that may appear in the record."  Id. at 968.  This standard, the court stated,
"applies to the kind of inherent conflict that exists when a plan administrator both
administers the plan and funds it, as well as to other forms of conflict."  Id.

---

[1] Plaintiff cites to Shapiro v. Cont'l Cas. Co., 415 F. Supp. 2d 1068, 1068 (C.D.
Cal. 2006), for the proposition that "where the ERISA plan is neither a result of collective
bargaining nor self-funded, the interpretation most favorable to the insured should be
adopted."  Citing Kunin, 910 F.2d at 539; Winters, 49 F.3d at 554.  However, this case,
which was decided prior to Blankenship, does not control.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4719 CAS (FMOx) | Date | April 28, 2008 |
|---|---|---|---|
| Title | DALLAS ALLOWAY v. RELIASTAR LIFE INS. CO.; ET AL. | | |

     The court advocated a case-by-case approach to weighing a plan administrator's conflict of interest as part of its abuse of discretion analysis.  Id.  "A district court, when faced with all the facts and circumstances, must decide in each case how much or how little to credit the plan administrator's reason for denying insurance coverage.  An egregious conflict may weigh more heavily (that is, may cause the court to find an abuse of discretion more readily) than a minor, technical conflict might."  Id.  The court elaborated,

> [t]he level of skepticism with which a court views a conflicted administrator's decision may be low if a structural conflict of interest is unaccompanied, for example, by any evidence of malice, of self-dealing, or of a parsimonious claims-granting history.  A court may weigh a conflict more heavily if, for example, the administrator provides inconsistent reasons for denial, fails adequately to investigate a claim or ask the plaintiff for necessary evidence, fails to credit a claimant's reliable evidence, or has repeatedly denied benefits to deserving participants by interpreting plan terms incorrectly or by making decisions against the weight of evidence in the record.
> . . .
> courts are familiar with the process of weighing a conflict of interest.  For example, in a bench trial the court must decide how much weight to give to a witness' testimony in the face of some evidence of bias.  What the district court is doing in an ERISA benefits denial case is making something akin to a credibility determination about the insurance company's or plan administrator's reason for denying coverage under a particular plan and a particular set of medical and other records.[2]

---

    [2] Abatie also set forth rules regarding what materials a court may consider in conducting the foregoing analysis.  The court noted the prevailing rule in the Ninth Circuit and elsewhere that, under an abuse of discretion standard of review, a court is limited to considering the materials before the plan administrator.  Id. at 970; see Jebian v. Hewlett-Packard Co. Emple. Benefits Org. Income Prot. Plan, 349 F.3d 1098, 1110 (9th Cir. 2003).  It adopted a different rule for those circumstances in which a court must

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4719 CAS (FMOx) | Date | April 28, 2008 |
|----------|----------------------|------|----------------|
| Title    | DALLAS ALLOWAY v. RELIASTAR LIFE INS. CO.; ET AL. | | |

Id. at 968-69 (citations omitted).

A recent decision, construing Abatie, stated, "when reviewing a discretionary denial of benefits by a plan administrator who is subject to a conflict of interest, we must determine the extent to which the conflict influenced the administrator's decision and discount to that extent the deference we accord the administrator's decision."  Saffon v. Wells Fargo & Co. Long Term Disability Plan, 511 F.3d 1206, 1212 (9th Cir. 2008).

ReliaStar does not dispute that it administers the Policy subject to a structural conflict of interest.  ReliaStar argues, however, that because the decision being called into question in this case involves its determination of the meaning of Policy language, as distinct from its factual findings with regard to, for example, a plan participant's ability to work, there is no reason to question its credibility.  Rather, ReliaStar argues, because the Policy gives it absolute discretion to construe the Policy terms, any reasonable interpretation of these terms offered by ReliaStar is entitled to deference, regardless of its conflict of interest.  Thus, ReliaStar argues, the foregoing analysis set forth in Abatie is inapplicable.

In support of this argument, ReliaStar cites Winters, in which the court found that the plan administrator's construction of the plan terms was reasonable and stated, "[w]e can discern no reason why the heightened abuse of discretion review would change the result in this case."  Winters, 49 F.3d at 554.  However, contrary to ReliaStar's suggestion, the Winters court did not find that the administrator's conflict of interest was irrelevant to its analysis.  Rather, in reaching its conclusion, the court found that there was no indication that the administrator's conflict affected its decision to deny benefits.

---

determine what weight to accord a plan administrator's conflict of interest.  In such cases,

> [t]he district court may, in its discretion, consider evidence outside the administrative record to decide the nature, extent, and effect on the decision-making process of any conflict of interest; the decision on the merits, though, must rest on the administrative record once the conflict (if any) has been established, by extrinsic evidence or otherwise.

Id. at 970.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA          O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4719 CAS (FMOx) | Date | April 28, 2008 |
|---|---|---|---|
| Title | DALLAS ALLOWAY v. RELIASTAR LIFE INS. CO.; ET AL. | | |

Id.  If anything, this suggests that an administrator's conflict of interest is relevant to the abuse of discretion analysis where the administrator's denial of benefits is based on its interpretation of plan language.

ReliaStar points to no other authority in support of its contention that the Abatie analysis applies only with respect to cases in which a plan administrator denies benefits on the basis of its factual findings.  Moreover, nothing in Abatie suggests that its approach to the abuse of discretion analysis is intended to be applied only in such limited circumstances.  Instead, Abatie's approach applies more generally, as a means of determining whether a plan administrator's decision to deny benefits is the product of a legitimate exercise of its discretion under the plan or of its conflict of interest.  Abatie, 458 F3d at 968 ("A district court, when faced with all the facts and circumstances, must decide in each case how much or how little to credit the plan administrator's reason for denying insurance coverage.").  Additionally, ReliaStar identifies no principled reason for a court to ignore an administrator's conflict of interest where its stated reason for denying benefits to a plan participant is based on the administrator's interpretation of plan language, instead of its factual findings.  Regardless of what explanation is given for the denial of benefits, an administrator's conflict of interest gives rise to a concern that its denial of benefits is motivated by its own self-dealing.  Abatie, 458 F.3d at 965-66 (noting that an insurer who acts as both the plan administrator and the funding source for benefits "has an incentive to pay as little in benefits as possible to plan participants because the less money the insurer pays out, the more money it retains in its own coffers.").  Therefore, it is appropriate in this case to take ReliaStar's conflict of interest into account when determining whether it has abused its discretion.

**b.    Abatie Analysis**

Plaintiff has set forth sufficient evidence to raise a triable issue as to whether ReliaStar's denial of plaintiff's benefits was a product of its conflict of interest, such that its determination is not entitled to the usual amount of deference.[3]

---

[3] On the basis of this finding, the Court does not reach plaintiff's further argument that the reasonable expectations doctrine precludes ReliaStar from offsetting workers' compensation permanent disability benefits.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                     O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4719 CAS (FMOx) | Date | April 28, 2008 |
|----------|----------------------|------|----------------|
| Title | DALLAS ALLOWAY v. RELIASTAR LIFE INS. CO.; ET AL. | | |

The deposition testimony of ReliaStar's claims administrator indicates that ReliaStar's practice is to deduct workers' compensation permanent disability benefits only to the extent that they are for lost wages. Gianelli Declaration ¶ 2, Ex. 1 at 4, 14. Moreover, although ReliaStar asserts that it "deducts from disability payments to plan participants for workers compensation permanent disability benefits," see ReliaStar's Statement of Uncontroverted Facts No. 5, and argues that this interpretation of "Other Income" is reasonable, it has not set forth any evidence to contradict plaintiff's contention that, in practice, ReliaStar offsets workers' compensation benefits only to the extent that these benefits are paid as wage replacement. This lends credence to plaintiff's argument that the denial of his benefits stemmed from ReliaStar's conflict of interest, rather than from ReliaStar's practice of interpreting the Policy in a certain manner. Plaintiff's argument is further bolstered by ReliaStar's admission that, in some cases, it does not offset workers' compensation awards to the extent that they are comprised of attorneys' fees and future medical bills, which, like workers' compensation permanent disability benefits, are not provided as a form of wage replacement. Under these circumstances, the Court is unable to conclude, as a matter of law, that ReliaStar did not abuse its discretion in denying plaintiff's disability benefits.[4]

_____

[4] During oral argument, counsel for ReliaStar directed the Court's attention to Baida v. First Unum Life Ins. Co., 2007 U.S. App. LEXIS 29884 (9th Cir. 2007). This decision does not advance ReliaStar's argument. In Baida the court stated that an insurer's structural conflict of interest and its alleged procedural violations do not compel *de novo* review. Id. at *2-*3. The court also found that the district court had correctly determined that the insurer had not abused its discretion in denying the plaintiff's claim for benefits because the record indicated that the insurer had "engaged in an ongoing, good faith exchange of information" with the plaintiff. Id. at *5-*6 (quotations omitted). The court's decision was based, in part, on the finding that the plaintiff had "not shown material, probative evidence, beyond the mere fact of the apparent conflict, tending to show that [the insurer's] self interest caused a breach of the administrator's fiduciary obligations" to the plaintiff. Id. at *6.

Baida does not alter the result in this case because the Court does not apply *de novo* review as to ReliaStar's decision to deny plaintiff's claim for additional benefits. Moreover, unlike in Baida, the Court finds and concludes that there is a triable issue of fact as to whether ReliaStar abused its discretion when it denied plaintiff's claim for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA          O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4719 CAS (FMOx) | Date | April 28, 2008 |
|---|---|---|---|
| Title | DALLAS ALLOWAY v. RELIASTAR LIFE INS. CO.; ET AL. | | |

### B.     Standing

ReliaStar further argues that plaintiff lacks standing because he has not suffered an injury in fact.  ReliaStar contends that even if it had not deducted the workers' compensation permanent disability benefits from plaintiff's disability benefits, plaintiff would have received the same amount in disability benefits, *viz.*, the minimum monthly payments due under the Policy.  See Jabas Decl. ¶¶ 3-6.  According to ReliaStar, this is because, even if plaintiff's disability payments were not offset by his workers' compensation permanent disability benefits, they would have been reduced by the social security disability and pension benefits that plaintiff received.  Because in either case, plaintiff would have received the minimum disability payments allowed under the Policy, ReliaStar argues, the fact that plaintiff's disability benefits were reduced by offsetting his workers' compensation disability benefits did not leave him worse off than he would have been had these benefits not been offset.

Plaintiff responds that even if ReliaStar was entitled to reduce plaintiff's disability benefits to the minimum monthly payment by offsetting for social security disability and pension benefits paid to plaintiff, it is not clear that ReliaStar would have offset these amounts.  Thus, plaintiff argues, ReliaStar's challenge to his standing rests on a hypothetical.

Plaintiff also takes issue with ReliaStar's contention that these other deductions would have reduced plaintiff's disability benefits to the minimum monthly payment.  Observing that early retirement benefits are offset under the Policy only to the extent that they are "voluntarily selected," see Jabas Decl. ¶ 2, Ex. A at 42, plaintiff argues that he did not voluntarily leave his employment, and therefore, did not voluntarily elect to receive retirement benefits.  Rather, plaintiff maintains, he was compelled to leave work due to his disability.  In support of this contention, he cites to a December 12, 2002 letter from his employer and addressed to him, stating that "[t]he reason for [plaintiff's] employment termination is the *Leave of Absence Policy* of Farmer Bros. Co., as well as the fact that [plaintiff] [is] unable to return to work performing [his] regular job duties."

---

benefits.  This finding is not based solely on ReliaStar's structural conflict of interest, but instead, arises from the considerations discussed *supra*, which suggest that ReliaStar's decision to deny benefits was primarily motivated by its own self-interest.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4719 CAS (FMOx) | Date | April 28, 2008 |
|---|---|---|---|
| Title | DALLAS ALLOWAY v. RELIASTAR LIFE INS. CO.; ET AL. | | |

Gianelli Decl. ¶ 4, Ex. 3 at 117.  Plaintiff contends that because his retirement benefits were not "voluntarily selected," they are not properly included as "Other Income," and may not be offset.

ReliaStar rejoins that, under the Policy, where a plan participant receives retirement benefits before the age of 62, these benefits are deemed to be "voluntarily selected" unless the participant provides "written proof satisfactory to ReliaStar Life" that the participant did not elect to receive these benefits voluntarily.  Jabas Decl. ¶ 2, Ex. A at 42.  ReliaStar asserts that plaintiff began to receive retirement benefits at age 45. Gianelli Decl. ¶ 4, Ex. 3 at 115.  Furthermore, ReliaStar maintains that plaintiff never provided written proof that he did not elect to receive the retirement benefits voluntarily. Reply 5.  Therefore, ReliaStar contends, these benefits would have been offset as "Other Income."

However, it appears that ReliaStar was in possession of the December 12, 2002 letter from plaintiff's employer indicating that plaintiff did not voluntarily discontinue his employment.  Gianelli Decl. ¶ 4 (stating that plaintiff received various documents, including the December 12, 2002 letter, from ReliaStar as part of its initial disclosures). There is a triable issue as to whether this letter would have constituted "written proof" that plaintiff did not elect to receive his retirement benefits.  This letter suffices to raise a genuine issue as to whether plaintiff's retirement benefits were not "voluntarily selected," such that they could not have been offset from plaintiff's disability benefits.  As a result, ReliaStar has not demonstrated that plaintiff's disability benefits would have been the same had ReliaStar not offset plaintiff's workers' compensation permanent disability benefits.  Therefore, ReliaStar's argument that plaintiff has not suffered an injury in fact and lacks standing is unavailing.

### C.    Whether California Law Bars Plaintiff's Claims

ReliaStar argues that pursuant to a July 2006 settlement entered into between the California Department of Insurance ("CDI"), on the one hand, and various insurance trade associations and the California Chamber of Commerce, on the other hand, insurers are permitted to offset workers' compensation permanent disability benefits from disability benefits.  The settlement language upon which ReliaStar relies is as follows:

CDI agrees to promulgate regulations to address the issue of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4719 CAS (FMOx) | Date | April 28, 2008 |
|---|---|---|---|

| Title | DALLAS ALLOWAY v. RELIASTAR LIFE INS. CO.; ET AL. |
|---|---|

whether Insurance Carriers should be able to estimate and
deduct for the following benefits:

(a) Social Security normal retirement age benefits;
(b) Public and private disability retirement benefits;
(c) PERS and private normal retirement age benefits;
(d) Disability earnings, i.e. earnings received for work
performed while disabled; and
(e) *Worker's Compensation permanent disability benefits*.

However, if CDI has failed to issue a notice of proposed
rulemaking on or before December 1, 2006, or if CDI fails to
adopt final regulations on these issues on or before November
30, 2007, and in the absence of any other change in governing
law by statute or judicial decision, Insurance Carriers may
submit and CDI shall not refuse to approve policy forms
allowing for the estimation and deduction of the five categories
of benefits set forth in this paragraph and CDI shall not issue
notices of withdrawal of approval on the grounds that a policy
form allows the Insurance Carrier to estimate and deduct with
respect to these five categories of benefits.

Declaration of Carlos Needham ¶ 2, Ex. 1 at ¶ 25 (emphasis supplied).

ReliaStar argues that CDI has not adopted new regulations to prohibit the offset of
workers' compensation permanent disability benefits, and therefore, "CDI has not
withdrawn its approval of the ReliaStar policy language at issue."  Motion 15.

This argument is unavailing.  To begin with, the foregoing settlement language
does not carry the force of law, and ReliaStar does not argue that CDI has, in any formal
manner, approved of the practice of deducting for workers' compensation permanent
disability benefits.  Moreover, the question presented here is not whether it is permissible,
under California law, for an insurer to deduct for workers' compensation permanent
disability benefits.  Rather, the question is whether ReliaStar was entitled to deduct for
such benefits under the terms of the Policy.  Accordingly, the language from the July
2006 settlement upon which ReliaStar relies is immaterial to this case and does not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4719 CAS (FMOx) | Date | April 28, 2008 |
|----------|----------------------|------|----------------|
| Title | DALLAS ALLOWAY v. RELIASTAR LIFE INS. CO.; ET AL. | | |

provide a basis for dismissing plaintiff's claims.

## V.      CONCLUSION

In accordance with the foregoing, the Court DENIES ReliaStar's motion for summary judgment.

IT IS SO ORDERED.

|   |   |   |
|---|---|---|
| 00 | : | 08 |

Initials of Preparer                                    CMJ