O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4719-CAS (FMOx) | Date | July 14, 2008 |
|---|---|---|---|
| Title | DALLAS ALLOWAY v. RELIASTAR LIFE INS. CO.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| PAUL SONGCO | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Christopher Edgington          Margaret Levy
Robert Gianelli                Carlos Needham

**Proceedings:**   PLAINTIFF'S MOTION FOR CLASS CERTIFICATION (filed on 05/19/08)

## I.   INTRODUCTION

The background facts are known to the parties and summarized in the Court's April 28, 2008 order denying ReliaStar Life Insurance Company's ("ReliaStar") motion for summary judgment. On July 28, 2006, on behalf of himself and all others similarly situated, plaintiff filed suit against defendants ReliaStar and Farmer Brothers Company Long Term Disability Plan ("the Farmer Brothers Plan"). Plaintiff filed a first amended complaint ("FAC") on September 20, 2006. On December 28, 2006, the Court granted in part and denied in part defendants' motion to dismiss the FAC. Plaintiff filed the second amended complaint ("SAC") on March 15, 2007. On April 19, 2007, the parties stipulated to dismiss the Farmer Brothers Plan without prejudice. On May 21, 2007, the Court granted in part and denied in part ReliaStar's motion to dismiss the SAC. On April 28, 2008, the Court denied ReliaStar's motion for summary judgment.

Plaintiff receives long term disability benefits under a group disability policy, Group Policy No. GH-26460-1 ("the Policy"), issued by ReliaStar. SAC ¶¶ 5-7. Plaintiff also receives workers' compensation permanent disability benefits. Id. at ¶ 8. The Policy authorizes ReliaStar to offset benefits paid under the Policy by the amount of "Other Income" received by a claimant. Plaintiff construes "Other Income" to mean only those monies paid for the purpose of wage replacement. Plaintiff alleges that ReliaStar has improperly reduced his disability income benefits and those of other employees/participants by offsetting from those benefits "any workers' compensation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4719-CAS (FMOx) | Date | July 14, 2008 |
|---|---|---|---|
| Title | DALLAS ALLOWAY v. RELIASTAR LIFE INS. CO.; ET AL. | | |

disability benefits received by the employees/participants, contrary to the terms of the plans." SAC ¶ 1. In particular, plaintiff alleges that ReliaStar has improperly offset his workers' compensation permanent disability benefits, as well as those paid to other employees/participants, by taking this offset regardless of whether or not said benefits were paid for the purpose of wage replacement.

On May 19, 2008, plaintiff filed the instant motion for class certification. ReliaStar filed an opposition thereto on June 9, 2008. Plaintiff filed a reply on June 23, 2008. ReliaStar filed a supplemental brief on June 30, 2008.

Plaintiff seeks to certify the following class for prosecution of his second claim for relief for breach of fiduciary duties owed under the the Employee Retirement Income Security Act, 29 U.S.C. § 1132(a)(3) ("ERISA"):

> [a]ll California residents who have been or are participants under ERISA plans funded by group disability income policies issued by ReliaStar to plans established by California employers who have had their benefits under those plans reduced by amounts received for workers' compensation permanent disability benefits.[1]

SAC ¶ 11; Motion 4. In its May 21, 2007 order granting in part and denying in part defendants' motion to dismiss, the Court dismissed plaintiff's claim under § 1132(a)(3) to the extent that plaintiff sought to enjoin defendant from offsetting any workers' compensation permanent disability benefits as income. The Court permitted plaintiff to proceed under § 1132(a)(3) to the extent that plaintiff seeks to require defendant to determine the character of workers' compensation permanent disability benefits -- specifically, to ensure that such benefits have been paid as wage replacement -- before

---

[1] Plaintiff's first claim for relief is for recovery of plan benefits pursuant to 29 U.S.C. § 1132(a)(1)(B). Plaintiff has not sought to certify a class in connection with this claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4719-CAS (FMOx) | Date | July 14, 2008 |
|---|---|---|---|
| Title | DALLAS ALLOWAY v. RELIASTAR LIFE INS. CO.; ET AL. | | |

offsetting them as income.[2]

In addition to his request for class certification, plaintiff seeks an order appointing him as class representative and appointing his counsel, Gianelli & Morris and Ernst & Mattison, as class counsel.

After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

**II.    LEGAL STANDARD**

"Class actions have two primary purposes: (1) to accomplish judicial economy by avoiding multiple suits, and (2) to protect rights of persons who might not be able to present claims on an individual basis." Haley v. Medtronic, Inc., 169 F.R.D. 643, 647 (C.D. Cal. 1996) (citing Crown, Cork & Seal Co. v. Parker, 462 U.S. 345 (1983)). Federal Rule of Civil Procedure 23 governs class actions. A class action "may be certified if the trial court is satisfied after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." General Tel. Co. of the Southwest v. Falcon, 457 U.S. 147, 161 (1982).

To certify a class action, plaintiffs must set forth prima facie facts that support the four requirements of Rule 23(a): (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. Dunleavy v. Nadler (In re Mego Fir. Corp. Sec. Litig.), 213 F.3d 454, 462 (9th Cir. 2000) (internal quotations omitted). These requirements effectively "limit the class claims to those fairly encompassed by the named plaintiff's claims." Falcon, 457 U.S. at 155 (quoting Califano v. Yamasaki, 442, U.S. 682, 701 (1979)).

If the district court finds that the action meets the prerequisites of Rule 23(a), the court must then consider whether the class is maintainable under one or more of the three alternatives set forth in Rule 23(b).

---

[2] The SAC initially alleged a claim for breach of fiduciary duty under 29 U.S.C. § 1132(a)(2). The Court dismissed this claim for relief in its May 21, 2007 order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4719-CAS (FMOx) | Date | July 14, 2008 |
|---|---|---|---|
| Title | DALLAS ALLOWAY v. RELIASTAR LIFE INS. CO.; ET AL. | | |

Plaintiff seeks certification under Rule 23(b)(2). A class is maintainable under Rule 23(b)(2) where "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2). "'Generally applicable,' as used in Rule 23(b)(2) has been interpreted to mean that the party opposing the class has acted in a consistent manner towards members of the class so that his actions may be viewed as part of a pattern of activity, or has established or acted pursuant to a regulatory scheme common to all class members." Westways World Travel, Inc. v. AMR Corp., 218 F.R.D. 223, 240 (C.D. Cal. 2003) (quotation omitted).

"Rule 23(b)(2) is not appropriate for all classes and does not extend to cases in which the appropriate final relief relates exclusively or predominantly to money damages." Dukes v. Wal-Mart, Inc., 509 F.3d 1168, 1186 (9th Cir. 2007) (quotations omitted). The Ninth Circuit has declined to adopt a bright line rule distinguishing between incidental and nonincidental damages. Molski v. Gleich, 318 F.3d 937, 950 (9th Cir. 2003). Instead, courts in this Circuit must "examine the specific facts and circumstances of each case, focusing predominantly on the plaintiffs' intent in bringing the suit." Dukes, 509 F.3d at 1186. To certify a class under Rule 23(b)(2) there must be, at a minimum, a finding that "(1) even in the absence of a possible monetary recovery, reasonable plaintiffs would bring the suit to obtain the injunctive or declaratory relief sought; and (2) the injunctive or declaratory relief sought would be both reasonably necessary and appropriate were the plaintiffs to succeed on the merits." Id. (quoting Robinson v. Metro-North Commuter R.R., 267 F.3d 147, 164 (2d Cir. 2001)).

### III.   DISCUSSION

####    A.   Requirements under Rule 23(a)

#####        1.   Numerosity

Rule 23(a)(1) requires the members of a proposed class to be so numerous that joinder of all of the class members would be impracticable. Fed. R. Civ. P. 23(a). However, "[i]mpracticability does not mean 'impossibility,' but only the difficulty or inconvenience in joining all members of the class." Harris v. Palm Springs Alpine Estates, Inc., 329 F.2d 909, 913-14 (9th Cir. 1964) (quoting Advertising Specialty Nat.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4719-CAS (FMOx) | Date | July 14, 2008 |
|---|---|---|---|
| Title | DALLAS ALLOWAY v. RELIASTAR LIFE INS. CO.; ET AL. | | |

Ass'n v. FTC, 238 F.2d 108, 119 (1st Cir. 1956)).

    ReliaStar acknowledges that the number of participants whose long term disability benefits have been offset by workers' compensation benefits may be as high as 106. Opp'n 12 n.7; Declaration of Robert Gianelli ¶ 2, Ex. 1 at 37-40. ReliaStar argues, however, that the Court should limit injunctive relief only to those participants who are still receiving benefit payments that are being reduced due to offsets for workers' compensation permanent disability awards. According to ReliaStar, this would reduce the class size to 24. Declaration of Nancy Collins-Jabas ¶ 3. However, ReliaStar fails to offer any principled reason for limiting injunctive relief only to those persons who are still receiving benefit payments reduced by their workers' compensation permanent disability benefits, and the Court declines to do so. Given the evidence adduced by plaintiff that there may be as many as 106 proposed class members, ReliaStar's additional argument that it would not be inconvenient to join these participants individually lacks merit.[3] Accordingly, the Court finds that the numerosity requirement has been satisfied.

    **2.    Commonality**

    Commonality requires "questions of law or fact common to the class." Rule 23(a)(2). The commonality requirement is generally construed liberally; the existence of only a few common legal and factual issues may satisfy the requirement. Jordan v. County of Los Angeles, 669 F.2d 1311, 1320 (9th Cir. 1982).

    ReliaStar acknowledges that the ultimate issue in this case -- whether or not or to what extent ReliaStar may offset workers' compensation permanent disability benefits against long term disability benefits -- is common to the class. Opp'n 6. ReliaStar argues, however, that resolving this issue turns upon factual circumstances particular to

---

    [3] Even if the class numbered only 24 members, this would not necessarily show that the numerosity requirement has not been met. "Classes with between 21 and 40 members are given varying treatment. These mid-sized classes may or may not meet the numerosity requirement depending on the circumstances of each particular case." 5 James Wm. Moore et al., Moore's Federal Practice § 23.22[1][b] (3d ed. 1997); see, e.g., Tietz v. Bowen, 695 F. Supp. 441, 445 (N.D. Cal. 1987) (certifying a class of 27 members).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4719-CAS (FMOx) | Date | July 14, 2008 |
|---|---|---|---|
| Title | DALLAS ALLOWAY v. RELIASTAR LIFE INS. CO.; ET AL. | | |

individual class members, such that the commonality requirement is not satisfied.

    First, ReliaStar contends that to determine whether individual class members are entitled to the injunctive relief sought, the Court will have to examine whether ReliaStar's decision to offset each class members' workers' compensation permanent disability benefits resulted from its structural conflict of interest as the administrator and underwriter of their benefit plans, in which case, under Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955 (9th Cir. 2006) (en banc), ReliaStar's decision would receive less than the usual amount of deference. ReliaStar maintains that the inquiry into its motivations for arriving at an offset determination for each class member is necessarily case-specific, and therefore, cannot practically be conducted on a class-wide basis.

    The Court disagrees. In its order denying ReliaStar's motion for summary judgment, it found that there is a triable issue regarding whether ReliaStar's decision to offset all workers' compensation permanent disability benefits was a product of its structural conflict of interest. April 28, 2008 Order 12-13. Contrary to ReliaStar's suggestion, this finding did not arise from evidence regarding ReliaStar's calculation of the benefits to which plaintiff in particular was entitled, but instead, upon evidence that even though ReliaStar's stated policy was to offset all workers' compensation permanent disability benefits, its general practice was to offset only those benefits paid to a claimant for wage replacement. Id. Accordingly, the question whether ReliaStar's benefits determinations resulted from its structural conflict of interest does not vary from one class member to another, and this issue does not preclude the certification of a class.[4]

---

    [4] ReliaStar also relies on the Supreme Court's recent decision in Metro. Life Ins. Co. v. Glenn, 128 S. Ct. 2343 (2008), to argue that commonality is lacking, but this case, which was not a class action, is inapposite. In Glenn, the Court considered the extent to which a plan administrator's conflict of interest should be taken into account in reviewing its claims determinations and the extent to which cases where the plan administrator is an insurance company rather than an employer should be treated differently. Id. at 2348-50. The Court did not discuss the commonality requirement for class actions whatsoever. Nevertheless, ReliaStar relies upon the following language from the opinion:

> a legal rule that treats insurance company administrators and employers alike in respect to the *existence* of a conflict can

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4719-CAS (FMOx) | Date | July 14, 2008 |
|---|---|---|---|
| Title | DALLAS ALLOWAY v. RELIASTAR LIFE INS. CO.; ET AL. | | |

    Next, ReliaStar argues that in the Ninth Circuit, an ERISA plaintiff must exhaust his or her administrative remedies prior to filing a lawsuit.  See Dishman v. UNUM Life Ins. Co. of Am., 269 F.3d 974, 984 (9th Cir. 2001); Amato v. Bernard, 618 F.2d 559, 567-68 (9th Cir. 1980) ("the federal courts have the authority to enforce the exhaustion requirement in suits under ERISA, and . . . as a matter of sound policy they should usually do so."); Diaz v. United Agric. Employee Welfare Benefit Plan & Trust, 50 F.3d 1478, 1483 (9th Cir. 1995).  ReliaStar contends that the commonality requirement is not satisfied because the Court would have to determine on a case-by-case basis whether each class member had exhausted his or her administrative remedies prior to granting relief to the class.

    This argument is unpersuasive.  The authorities relied upon by ReliaStar -- Dishman, Amato, and Diaz -- are not class action cases, and therefore, do not stand for the proposition that all class members must have exhausted their administrative remedies in order to obtain the requested class-wide injunctive relief.  In considering this very question, the Seventh Circuit has held that the certification of a class in an ERISA action is not contingent upon a showing that all members of a class have exhausted their administrative remedies, where the named plaintiff has exhausted his or her

---

> nonetheless take account of the circumstances to which MetLife points so far as it treats those, or similar, circumstances as diminishing the *significance* or *severity* of the conflict in individual cases.

Id. at 2350 (italics in original; underlining supplied).  ReliaStar is correct that Glenn emphasized that the extent of a plan administrator's conflict of interest and the extent to which such a conflict affects a court's review of the administrator's claims determinations are particularized inquiries, decided on a case-by-case basis.  Id. at 2350-51.  This point has no bearing on the instant case, however.  As already discussed, whether ReliaStar's allegedly improper offset determinations stemmed from its conflict of interest does not turn upon evidence regarding the different ways in which it handled each of the class members' claims for benefits.  Instead, this inference turns upon how ReliaStar has treated the class members' claims as a whole.  Therefore, ReliaStar's reliance upon Glenn does not further its contention that class certification is inappropriate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4719-CAS (FMOx) | Date | July 14, 2008 |
|---|---|---|---|
| Title | DALLAS ALLOWAY v. RELIASTAR LIFE INS. CO.; ET AL. | | |

administrative remedies and where the claims of the class members are similar to that of the named plaintiff. In re Household Int'l Tax Reduction Plan, 441 F.3d 500, 501-02 (7th Cir. 2006); see also Olivares v. Martin, 555 F.2d 1192, 1196-97 (5th Cir. 1977) ("Exhaustion of remedies applies to class actions in the sense that at least one of the purported representatives of a class must have exhausted his administrative remedies."). Moreover, in light of ReliaStar's stated policy of offsetting all workers' compensation permanent disability benefits, it appears that requiring each of the class members to exhaust his or her administrative remedies prior to obtaining the requested injunctive relief would be futile. See Perkins v. Prudential Ins. Co. of Am., 417 F. Supp. 2d 1149, 1153 (C.D. Cal. 2006) (although the plaintiff had failed to exhaust her administrative remedies in connection with her ERISA claim, she was entitled to proceed with this claim; she showed, based on the defendant insurer's treatment of her requests for benefits in the past, that pursuing such remedies against the insurer would have been futile). Thus, in this case, the failure of some or all absent class members to exhaust their administrative remedies in connection with their claim for injunctive relief does not pose a bar to class certification.

ReliaStar also argues that commonality is lacking because ReliaStar's allegedly improper claim review process may not have resulted in any injury to some class members who received the minimum monthly benefit under the Policy. ReliaStar argues that even if it had not offset workers' compensation permanent disability benefits, the benefits due to some of these class members may nevertheless have been reduced to the minimum monthly payment due under the Policy as a result of other offsets taken by ReliaStar, including social security disability and pension benefits paid to the class members. Thus, ReliaStar argues, determining which class members suffered an injury will necessarily turn upon the circumstances particular to each of these class members, such that the commonality requirement has not been satisfied.

This argument also lacks merit. ReliaStar essentially argues that some class members may lack standing to proceed with this lawsuit, making class certification inappropriate. However, passive members of a class "need not make any individual showing of standing, because the standing issue focuses on whether the plaintiff is properly before the court, not whether represented parties or absent class members are properly before the court." 1 ALBA CONTE & HERBERT B. NEWBERG, NEWBERG ON CLASS ACTIONS § 2:7 (4th ed. 2008); cf. Babcock v. Computer Assocs. Int'l, 212 F.R.D. 126, 130 (E.D.N.Y. 2003) (rejecting the argument that the numerosity requirement was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4719-CAS (FMOx) | Date | July 14, 2008 |
|---|---|---|---|
| Title | DALLAS ALLOWAY v. RELIASTAR LIFE INS. CO.; ET AL. | | |

not satisfied because the plaintiff and the proposed class members lacked standing, stating that "[s]tanding and numerosity are two separate unrelated inquiries."). Moreover, apart from whether individual class members have suffered damages, the class members share an interest in enforcing the integrity of the claims process. Plaintiff's right to enforce the integrity of the claims process is a valuable distinct right under ERISA that is separate from his entitlement to benefits. See Rawls v. Unum Life Ins. Co. of Am., 219 F. Supp. 2d 1063, 1066 (C.D. Cal. 2002) (claimants' right to enforce the appeals process for long-term disability benefits under their employee welfare benefit plans held to be a valuable and distinct right under ERISA). Accordingly, plaintiff has satisfied the commonality requirement.

### 3. Adequacy of Representation and Typicality

Typicality requires a determination of whether the named plaintiff's claims are typical of those of the proposed class they seek to represent. Rule 23(a)(3). "[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." Hanlon, 150 F.3d at 1020; Schwartz v. Harp, 108 F.R.D. 279, 282 (C.D. Cal. 1985) ("A plaintiff's claim meets this requirement if it arises from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theory.").

The adequacy of representation requirement of Rule 23(a)(4) involves a two-part inquiry: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" Hanlon v. Chrysler Corp., 150 F.3d 1011, 1020 (9th Cir. 1998).

ReliaStar's argument for why the adequacy and typicality requirements for class certification are not satisfied is essentially a renewed attack on plaintiff's standing to bring this lawsuit. The Court addressed the question of plaintiff's standing in its order denying ReliaStar's motion for summary judgment. See April 28, 2008 Order 14-15. ReliaStar had argued that plaintiff lacks standing because even if ReliaStar had not reduced his disability benefits by offsetting his workers' compensation permanent disability benefits, plaintiff's benefits would have been reduced to the minimum monthly benefit as a result of other applicable offsets, and therefore, ReliaStar's allegedly improper offset did not cause plaintiff an injury in fact. Id. The Court found, however,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4719-CAS (FMOx) | Date | July 14, 2008 |
|---|---|---|---|
| Title | DALLAS ALLOWAY v. RELIASTAR LIFE INS. CO.; ET AL. | | |

that there was a genuine issue of material fact regarding whether ReliaStar would have been entitled to offset these other benefits, and thus concluded that ReliaStar had not shown the absence of an injury in fact as a matter of law. Id. at 15.

ReliaStar contends that new evidence -- including information pertaining to plaintiff's election of pension benefits -- shows that it was entitled to reduce plaintiff's monthly benefits under the Policy in other ways, such that plaintiff lacks standing. However, this evidence is not sufficient to dispel the existence of a genuine issue of material fact as to standing.

In any event, ReliaStar's arguments regarding plaintiff's standing are not pertinent to whether a class should be certified. As a treatise on class actions has explained,

> [c]are must be taken, when dealing with apparently standing-related concepts in a class action context, to analyze individual standing requirements separately and apart from Rule 23 class prerequisites. Though the concepts appear related, in that they both seek to measure whether the proper party is before the court to tender the issues for litigation, they are in fact independent criteria. They spring from different sources and serve different functions. Often satisfaction of one set of criteria can exist without the other. The application of the wrong set of criteria in a particular instance may lead to an erroneous conclusion. Because individual standing requirements constitute a threshold inquiry, the proper procedure when the class plaintiff lacks individual standing is to dismiss the complaint, not to deny the class for inadequate representation. The class issues are not reached in this instance. On the other hand, when a class plaintiff shows individual standing, the court should pass to Rule 23 criteria to determine whether, and to what extent, the plaintiff may serve in a representative capacity on behalf of the class.

NEWBERG, *supra*, § 2:9.

Other than to attack plaintiff's standing, ReliaStar has made no attempt to show

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4719-CAS (FMOx) | Date | July 14, 2008 |
|---|---|---|---|
| Title | DALLAS ALLOWAY v. RELIASTAR LIFE INS. CO.; ET AL. | | |

that plaintiff has a conflict of interest with the proposed class that would prevent him from seeking to obtain the requested injunctive relief against ReliaStar, which is directed at ReliaStar's claim determination process, not the rights of individual class members to additional benefits. Likewise, ReliaStar has not shown that plaintiff and his counsel would not vigorously prosecute this claim for injunctive relief or that plaintiff's claim for injunctive relief is not typical of the class. Therefore, it appears to the Court that both the adequacy and typicality requirements are satisfied in this case.

### B. Certification Under Rule 23(b)(2)

In connection with his claim for relief under § 1132(a)(3), plaintiff seeks an injunction compelling ReliaStar to

> (1) conduct an investigation and make a determination of the character of any plan member's workers' compensation permanent disability benefits as required by the terms of the plans and the fiduciary obligations imposed thereunder, i.e., whether and/or to what extent said benefits compensate for income, permanent bodily impairment, impaired future earning capacity, and/or decreased ability to compete in an open labor market; (2) to provide notice of said determination in the form and manner required by ERISA; and (3) to afford a right of appeal of said determination in accordance with the terms of the plans.

SAC ¶ 27; see also Motion 3.

ReliaStar argues that the ultimate purpose of this requested injunction is to enable plaintiff to obtain additional disability benefits. Thus, ReliaStar argues, plaintiff's claim for relief under § 1132(a)(3) is primarily for money damages, and therefore, class certification under Rule 23(b)(2) is improper.[5] Plaintiff counters that the focus of this

---

[5] ReliaStar also argues that the SAC seeks class certification pursuant to Rule 23(b)(3), rather than Rule 23(b)(2). See SAC ¶ 11. Insofar as plaintiff now seeks to certify a class pursuant to Rule 23(b)(2), the Court deems plaintiff's motion for class

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4719-CAS (FMOx) | Date | July 14, 2008 |
|---|---|---|---|
| Title | DALLAS ALLOWAY v. RELIASTAR LIFE INS. CO.; ET AL. | | |

action is to prevent ReliaStar from engaging in improper claims practices, not to obtain monetary relief, such that a class is properly certified under Rule 23(b)(2).

Plaintiff's position is more persuasive. The Court previously disallowed plaintiff from proceeding with his § 1132(a)(3) claim to the extent that he sought to enjoin ReliaStar from offsetting any workers' compensation permanent disability benefits as income. See May 21, 2007 Order 8. The reasoning was that this injunctive relief amounted to a request that the Court clarify plaintiff's rights to future benefits, which is adequately remedied under § 1132(a)(1)(B). Id. By contrast, the Court permitted plaintiff to seek injunctive relief under § 1132(a)(3) to the extent that he seeks an injunction correcting the method of calculating future benefits by requiring ReliaStar to determine the character of workers' compensation permanent disability benefits for each claimant before offsetting them as income. Id.

As the Court noted in its May 21, 2007 order pertaining to defendants' motion to dismiss, granting such an injunction would not necessarily result in the payment of additional benefits to individual claimants because the determination as to whether workers' compensation permanent disability benefits should be offset would occur in the future. Id. Moreover, the Court herein recognizes that plaintiff's right to enforce the integrity of the claims process is a valuable distinct right under ERISA that is separate from his entitlement to benefits. See Rawls v. Unum Life Ins. Co. of Am., 219 F. Supp. 2d 1063, 1066 (C.D. Cal. 2002). Additionally, the payment of monetary damages would not correct ReliaStar's allegedly deficient benefits calculation procedure, which plaintiff alleges is an ongoing problem. See Linney v. Cellular Alaska P'ship, 1997 U.S. Dist. LEXIS 24300 (N.D. Cal. 1997) (class certification under Rule 23(b)(2) was proper, even though the plaintiffs sought monetary damages, because only injunctive relief would be sufficient to prevent the defendant from continuing the allegedly wrongful practices). Thus, it cannot be said that plaintiff's claim for relief under § 1132(a)(3) relates predominantly to money damages.

Furthermore, the minimum requirements for class certification under Rule 23(b)(2) set forth in Dukes are satisfied in this case. Dukes, 509 F.3d at 1186. For the reasons

---

certification to be a motion to amend the complaint accordingly. The Court GRANTS this motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4719-CAS (FMOx) | Date | July 14, 2008 |
|---|---|---|---|
| Title | DALLAS ALLOWAY v. RELIASTAR LIFE INS. CO.; ET AL. | | |

discussed *supra*, a reasonable plaintiff would have sought to have enforced the integrity of the claims process even in the absence of a possible monetary recovery. Moreover, injunctive relief would be both necessary and appropriate in the event that plaintiff succeeds on the merits.

ReliaStar's authorities are distinguishable. In Kanter v. Warner-Lambert Co., 265 F.3d 853 (9th Cir. 2001), a class action in which the plaintiff consumers alleged that the defendants had falsely marketed their head lice treatment products, the court considered whether the value of plaintiffs' claim for injunctive relief sufficed to satisfy the amount in controversy requirement for diversity jurisdiction. In dicta, the court stated that, although the plaintiffs sought to enjoin the defendants from selling their products in a deceptive manner, their "essential goal" was to obtain significant monetary damages, such that the monetary damages were not incidental, and the action properly would have arisen under Rule 23(b)(3), rather than Rule 23(b)(2). Id. at 860.

In Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1196 (9th Cir. 2001), the court affirmed the district court's finding that the plaintiff's claim for medical monitoring was not properly certified under Rule 23(b)(2). Although the plaintiff sought injunctive relief compelling the defendant to research how to rectify the medical problems caused by the defendant's allegedly defective pacemaker components, plaintiff also sought the establishment of a reserve fund, future medical treatment, plus compensatory and punitive damages, all of which led the court to conclude that the plaintiff's requested injunctive relief was secondary to his claim for money damages. Id.

ReliaStar also relies on this Court's prior ruling in Maddock v. KB Homes, Inc., 248 F.R.D. 229 (C.D. Cal. 2007). There, the plaintiff sought both injunctive and monetary relief. The Court held that the request for monetary relief was primary, making certification under Rule 23(b)(2) inappropriate, because it appeared that less than half of the putative class members would have benefitted from the requested injunctive relief, while all of the class members would have benefitted from the requested money damages. Id. at 239.

In this case, by contrast, plaintiff seeks class certification in connection with a claim that, in the first instance, is directed at obtaining injunctive relief. While granting such injunctive relief may ultimately result in the payment of additional benefits to some or all of the putative class members, this outcome is not assured. It is clear, on the other

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4719-CAS (FMOx) | Date | July 14, 2008 |
|---|---|---|---|
| Title | DALLAS ALLOWAY v. RELIASTAR LIFE INS. CO.; ET AL. | | |

hand, that the requested injunctive relief would affect all putative class members. Therefore, it cannot be said that monetary relief is the primary focus of plaintiff's claim under § 1132(a)(3). Accordingly, certification under Rule 23(b)(2) is appropriate. See Amone v. Aveiro, 226 F.R.D. 677, 687 (D. Haw. 2005) (certification was proper under Rule 23(b)(2), where the plaintiff sought declaratory and injunctive relief directing the defendants to comply with federal housing statutes, even though such relief might have entitled some putative class members to receive future payments from the defendants).

Having satisfied all of the requirements under Rule 23(a), and having shown that a class is maintainable under Rule 23(b)(2), the Court GRANTS plaintiff's motion for class certification.

## IV. CONCLUSION

In accordance with the foregoing, the Court GRANTS plaintiff's motion for class certification. The Court appoints plaintiff as class representative and appoints his counsel, Gianelli & Morris and Ernst & Mattison, as class counsel.

IT IS SO ORDERED.

|  |  | 00 | : | 06 |
|---|---|---|---|---|
|  | Initials of Preparer | PS | | |