JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALLAS ALLOWAY,<br><br>                     Plaintiff,<br><br>      v.<br><br>RELIASTAR LIFE INSURANCE CO.;<br>FARMER BROTHERS COMPANY<br>LONG TERM DISABILITY PLAN,<br><br>                Defendants. | CASE NO. CV 06-4719 CAS (FMOx)<br><br>[CLASS ACTION]<br><br>[Related to:  *Vind v. The Prudential Insurance Co., et al.*, CV073564 CAS (FMOx)] and *Salgado v. Reliastar Life Ins. Co.,* CV 08-05624 CAS (FMOx)]<br><br>**AMENDED FINAL APPROVAL ORDER AND JUDGMENT**<br><br>**<u>Hearing</u>**<br>Date:  July 27, 2009<br>Time:  10:00 a.m.<br>Dept.:  Courtroom 5 |

Following a hearing on May 11, 2009, this Court entered its *Order of Preliminary Approval of Class Action Settlement and Related Orders* (Doc. No. 138), ("Preliminary Approval Order"), preliminarily approving the *Settlement and Release Agreement* entered into by and on behalf of the parties in the above-captioned action (Doc. No. 134-2), and scheduling a hearing to determine whether the settlement was fair, reasonable, adequate, in the best interests of the class, and free from collusion, and to consider a petition by Class Counsel for an award of attorneys' fees and litigation expenses and for an incentive award to be paid to the class representative. Thereafter, the parties reached a further settlement with respect to the claims in the action for an award of attorneys' fees and litigation expenses, as set forth in the *Settlement Agreement Re: Attorneys' Fees and Litigation Expenses*.

The Court has considered: (i) the proposed settlement, as set forth in the *Settlement and Release Agreement* and *Settlement Agreement Re: Attorneys' Fees and Litigation Expenses,* (hereafter collectively, "Settlement"); (ii) the *Motion for Final Approval of Class Action Settlement and Related Orders* and supporting papers filed by Plaintiff, Dallas Alloway, on behalf of himself, the certified class in this action, and the proposed Settlement Class; (iii) the *Motion for Award of Attorneys' Fees, Litigation Expenses, and Class Representative Incentive* and supporting papers filed by Plaintiff, Dallas Alloway, on behalf of himself, the certified class in this action, and the proposed Settlement Class;  (iv) the joinder by Defendant, ReliaStar Life Insurance Company, ("ReliaStar"), whereby ReliaStar joins in seeking final approval of the Settlement and entry of judgment; (v) the stated non-opposition by ReliaStar to the motion for an award of attorneys' fees, litigation expenses, and a class representative incentive; (vi) the entire record in this action, including but not limited to the points and authorities, declarations, and exhibits submitted in support of preliminary approval of the Settlement, (Doc. Nos. 132-136); (vii) the absence of any objections by the Settlement Class members to the Settlement; (viii) the absence of any requests for exclusion from the Settlement Class members; (ix) the absence of

any notices of intention to appear, or requests for appearance, from the Settlement Class members; (x) the representations and arguments of Class Counsel and Counsel for Defendant at the Final Approval Hearing; (xi) this Court's experiences and observations while presiding over this matter; and (xii) the relevant law.

On these bases, and based upon the findings of fact and law below and implicit in this Order, and in the Court's prior Preliminary Approval Order (Doc. No. 138), and good cause appearing, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**, as follows:

1.      **Definitions:**  The capitalized terms used in this Final Approval Order and Judgment shall have the meanings and/or definitions given to them in the settlement, or if defined herein, the meanings and/or definitions given to them herein.

2.      **Jurisdiction**:  Plaintiff, ReliaStar, and all members of the settlement class who have not timely and properly requested exclusion from the class in accordance with the provisions of settlement, (hereafter, the "Settlement Class"), have submitted to the jurisdiction of the Court for purposes of the settlement.  The Court has personal jurisdiction over Plaintiff, ReliaStar, and the Settlement Class.  The Court has subject matter jurisdiction to release all claims and causes of action as set forth in the Settlement and to dismiss the above entitled action, ("Action"), with prejudice, in its entirety.  The Court has subject matter jurisdiction to approve the Settlement.

3.      **Findings in Support of Final Settlement Approval:**  The Court finds that the Settlement was not the product of collusion or any other indicia of unfairness, is fair, reasonable, and adequate to the Settlement Class in light of the complexity, expense, and likely duration of the litigation, and the risks involved in establishing liability, damages, and in maintaining the Action as a class action through trial and appeal.

The Court finds that the Settlement represents a fair and complete resolution of all claims asserted in a representative capacity on behalf of the Settlement Class and should fully and finally resolve all such claims.  In support of these findings, the Court further specifically finds that:

A.     There is no evidence of collusion.  The Settlement resulted from extensive arms-length negotiation.  The action was extensively and vigorously litigated prior to settlement, up to the eve of trial.  All pretrial proceedings were completed prior to settlement. The Parties engaged in intensive arms-length negotiation prior to reaching the Settlement.

B.     The Settlement provides for substantial cash payments and additional "future" relief to every single member of the Settlement Class, without requiring any Settlement Class member to affirmatively participate in a claims process.  No portion of the substantial class relief would be consumed by attorneys' fees, litigation expenses, notice expenses, settlement administration expenses, or the class representative's incentive award, since such amounts are all separately provided for.

The Settlement Class encompasses the entire putative class as alleged in the operative Second Amended Complaint in the action, and the entire class previously certified by this Court (*Doc. No. 91, and see below*), for the period from the outset of the class period (four years prior to the filing of the action – July 28, 2002) through the date of ReliaStar's suspension of the subject permanent disability offsets (August 23, 2008).  Only two *potential* putative class members (identified in Appendix B to the Agreement), for whom class membership could not be confirmed despite the good faith efforts of the Parties, have been excluded from the Settlement Class.

C.     Before reaching the Settlement, the Parties fully and vigorously litigated their claims and defenses, including two rounds of Rule 12(b)(6) motions to dismiss,

a summary judgment motion, the class certification motion, and a Rule 23(f) petition to the Ninth Circuit challenging class certification. Settlement was reached at mediation only four days before the December 9, 2008 trial date.  Prior to settlement, all pretrial proceedings had been completed in the action, including pretrial disclosures and trial briefs.  Based upon this full pretrial litigation of the action, the Parties were fully informed of the legal bases for the claims and defenses herein, and capable of balancing the risks of trial and post-trial appellate proceedings and the benefits of the proposed settlement.

D.     Before reaching the Settlement, the settling parties also conducted extensive discovery.  In addition to the production and analysis of the class representative's personal files, ReliaStar's claims file for the class representative, and the files of the class representative's employer, ReliaStar produced extensive documentation including all of the plan documents for the Settlement Class members and the pertinent claims data regarding workers' compensation offsets applied against the Settlement Class members.  In total, the documentary record exceeded 4,000 pages.  The Settlement Class claims data was updated throughout the litigation so that the Parties' negotiation of settlement was based on the most up to date offset information available.  In addition, Rule 30(b)(6) deposition testimony regarding ReliaStar's claims handling practices and guidelines was completed prior to negotiation of the settlement.  Post-settlement, claims data was again updated to ensure to the greatest extent possible the accuracy of settlement payments under the settlement should it become final.  ReliaStar provided a detailed declaration authenticating and verifying the accuracy of the claims data, and the process for ascertaining the members of the class and the pertinent claims and offset data.  Based upon this extensive discovery, the Parties were fully informed of the evidentiary bases for their respective claims and defenses herein, and capable of balancing the risks of continued litigation and the benefits of the proposed settlement.

E.      The Settlement Class is and was at all times adequately represented by Plaintiff and Class Counsel.  Class Counsel have fully and competently prosecuted all causes of action, claims, theories of liability, and remedies reasonably available to the Settlement Class members.  Plaintiff and Class Counsel have obtained, through settlement, not only "future" claims process reformation relief, but also monetary relief on behalf of every Settlement Class member, which under ERISA and the Court's rulings in a related action, (*Knapp v. UNUM Life Insurance Company of America*, Case No. 2:07-CV-03565 CAS (FMOx)), would have required individual class members to engage in further administrative proceedings (and potentially further litigation).  Further, both Class Counsel and Defendant's Counsel are highly experienced trial lawyers with specialized knowledge in complex insurance class action litigation.  Class Counsel and Defendants' Counsel are capable of properly assessing the risks, expenses, and duration of continued litigation, including at trial and on appeal.  Class Counsel and Defendants' Counsel agree that the Settlement represents a fair and reasonable resolution to this matter in light of the various risks and costs to the respective parties of continued litigation.

F.      As further addressed below, through the mailing of the Settlement Notice in the form and manner ordered by this Court, the Settlement Class has received the best practicable notice of the certification of the Settlement Class, the Settlement, and of their rights and options as Settlement Class members. Said notice fully satisfied all notice requirements under the law, including all due process rights under the U.S. Constitution, and;

G.      The response of the Settlement Class to this Action, and to the Settlement, including Class Counsel's application for an award of attorneys' fees, litigation expenses, and the class representative's incentive award, after full, fair, and effective notice thereof, strongly favors final approval of the Settlement.  In response

to the 92 Settlement Notices mailed to the Settlement Class, as of July 6, 2009, (fourteen days after the deadline for requesting exclusion or objecting to the Settlement), no requests for exclusion, no objections, and no requests for appearance have been received by the Court, Settlement Administrator, or the Settling Parties.

4.   **Certification of the Settlement Class**:  For purposes of the Settlement, the Court hereby certifies the Settlement Class, as defined in the Settlement and set forth herein, pursuant to Rule 23(b)(3), and appoints Plaintiff, Dallas Alloway, as class representative and the law firms of Gianelli & Morris  and Ernst and Mattison as class counsel for the Settlement Class.

In its order dated July 14, 2008 (*Doc No. 91*) and as further defined in the Court's order approving the form of notice to the class of certification (*Doc. Nos. 95, 97*), the Court certified a class, pursuant to Rule 23(b)(2), defined as:

> "All California residents who have been or are participants under ERISA plans funded by group disability income policies issued by ReliaStar to plans established by California employers who have had their benefits under those plans reduced by amounts received for workers' compensation permanent disability benefits since July 28, 2002."

Consistently, the Settlement Class, certified pursuant to Rule 23(b)(3),  is defined as:

> "All California residents who have been or are participants under ERISA plans funded by group disability income policies issued by ReliaStar to plans established by California employers who have had their benefits under those plans reduced by amounts received for workers' compensation permanent disability benefits for the period or any part of the period from July 28, 2002 through August 23, 2008, inclusive."

ReliaStar suspended application of workers' compensation permanent disability offsets, effective August 23, 2008.  As such, every member of the Settlement Class is

a member of the previously certified class, and every member of the previously certified class is a member of the Settlement Class.

Certification of the Settlement Class was sought because the Settlement resolves not only the injunctive/declaratory claims process reformation claims under ERISA's 29 U.S.C. §1132(a)(3), for which the previously certified Rule 23(b)(2) class was certified, but also associated monetary benefits claims which Settlement Class members may have against their ERISA plans or plan administrators, arising from the subject group long-term disability insurance policies issued by ReliaStar and workers' compensation permanent disability benefit offsets thereunder.

The Settlement Class is certified for Settlement purposes only.  The Court reaffirms its finding that the previously-certified class, and therefore the Settlement Class, satisfies the requirements of Rule 23(a)(1)-(4).  The Court also finds that the Settlement Class satisfies the predominance and superiority requirements of Rule 23(b)(3) for the reasons stated in the points and authorities submitted in support of preliminary settlement approval.  The Court further finds that the rights and interests of the Settlement Class have been adequately protected by the Court's fairness review, and by the Settlement Class members' unrestricted right to exclude themselves from the Settlement Class.  For these reasons, and those stated in the preliminary approval motion, the Court finds that certification of the Settlement Class is appropriate.

5.  **Settlement Notice**:  The Court finds that through the mailing of the Settlement Notice, notice of the Settlement has been provided to the Settlement Class in the form and manner required by the Settlement and the Preliminary Approval Order.  The Settlement Notice provided fair and effective notice to the Settlement Class of the certification of the Settlement Class, the Settlement and the terms thereof, (including but not limited to those terms related to the class recovery, the claims and parties released, the provisions for attorneys' fees, litigation expenses, and a class

representative incentive, Class Counsel's intention to petition for an award of such fees, expenses, and incentive in the amounts provided by the Settlement, the time and place of the Final Approval/ Fairness Hearing, and Settlement Class members' rights to request exclusion from the Settlement Class, to object to the Settlement, and to appear at said hearing).

Said notice procedure: (i) constitutes reasonable and best practicable notice; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class of the terms of the Settlement, their rights, and that they will be subject to the Court's jurisdiction for settlement purposes; (iii) constitutes due, adequate, and sufficient notice to all persons entitled to receive such notice; and (iv) meets the requirements of the United States Constitution, the *Federal Rules of Civil Procedure*, and all other applicable laws and rules of court.

6. **Final Settlement Approval**:  Each and every term and condition of the Settlement, and the Settlement as a whole, should be and are approved.  The Settlement is hereby made a part of this Final Approval Order by reference.  A true and correct copy of the Settlement appears in the Court's record as **Exhibits 1 and 3** to the *Declaration of Robert S. Gianelli in Support of Final Settlement Approval and Fee Motions*.

7. **Release:**  The Court orders that the Released Parties are hereby forever released from and discharged of all further liability to Plaintiffs and the Settlement Class, and each of them, as to all Released Claims, as set forth in the Settlement.  The "Release and Waiver" set forth in the Settlement is reprinted here and expressly approved by the Court.  If there is any mistake in transcription, the provisions of the "Release and Waiver" in the Settlement shall control.

//

//

[*Start reprinted text of Release and Waiver*]

## **ARTICLE VIII**

## **RELEASE AND WAIVER**

8.01   **General Class Release.**  Upon execution of this Agreement by Defendant and Plaintiff and issuance of the Final Approval Order by the Court, and in consideration of the benefits and other consideration set forth above, each and every member of the Settlement Class shall automatically and without further action or notice be deemed to have irrevocably and unconditionally released, waived, and forever discharged the Released Parties from any and all liability with respect to the Released Class Claims, unless such Settlement Class member timely and properly requested exclusion from the Settlement Class in accordance with the procedures established in Agreement.

8.02   **Released Class Claims.**  Subject to the limitations in paragraph 8.04, Released Class Claims is defined as:

(a)      Any and all past, present or future claims, lawsuits, insurance department complaints, attorney general complaints, actions, causes of action, demands, rights, damages, costs, interest, attorneys' fees, loss of service, expenses and compensation whatsoever, whether known or unknown, that the Settlement Class now has, had or may hereinafter claim to have, in law or equity, whether based on statute, tort, contract, or other theory of recovery, as of the date of this Agreement, that were or could have been asserted in the *Alloway* Action, arising directly from Past or Future Permanent Disability Offsets.

(b)      The Settlement Class expressly waives and assumes the risk of any and all claims falling within the foregoing definition which exist as of this date, but which the Settlement Class does not know of or suspect to exist, whether through ignorance, oversight, error, negligence or otherwise, and which, if known, would materially affect a Settlement Class member's decision to enter into this Agreement.  This release includes all claims that were or could have been asserted in the *Alloway* Action, arising directly from Past or Future Permanent Disability Offsets, of every nature and kind whatsoever, which the Settlement Class may have against the Released Parties, known or unknown, suspected or unsuspected, past or present, which either may have against the other despite the fact that California Civil Code section 1542 may provide otherwise.  The Settlement Class expressly waives any

right or benefit available in any capacity under the provisions of Section 1542, which provides as follows:

> A general release does not extend to the claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with debtor.

The Settlement Class also shall be deemed to waive any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, or any other law, which is similar, comparable, or equivalent to California Civil Code section 1542.

8.03   **Released Parties.**  Subject only to those limitations specifically stated in this Article VIII, Released Parties is defined as:  ReliaStar, Farmer Brothers Company Long Term Disability Plan, the administrator of said Plan, the Settlement Class members' ERISA plans and the administrators thereof, and their present, former and future parent, sister, subsidiary and affiliated companies, their past, present and future officers, directors, employees, servants, attorneys, legal and beneficial shareholders, partners, privies, representatives, assigns and agents.

8.04   **Limitations on Scope of the Class Release.**  Notwithstanding anything in this Article VIII, the Released Class Claims, as defined herein, are subject to the following limitations.  This list is not intended to be all-inclusive and does not mean or imply a release of any claims not included in this list, unless said claims also fall within the foregoing definition of Released Class Claims.

a.   Release of Plaintiff's and Settlement Class members' claims for an award of attorneys' fees and/or litigation expenses in the Action is conditioned upon the Court's entry of an order ruling on a fee and expense motion and ReliaStar's timely payment of the amount of any attorneys' fees and litigation expenses awarded thereunder, as provided in Article V, *supra*.

b.   Nothing shall preclude any action or proceeding to enforce the terms of this Agreement or to enforce any Court order awarding attorneys' fees and/or litigation expenses.

c.   No claims are released with respect to termination or suspension of long term disability benefits based on whether the Settlement Class member satisfies the definition of disability.

d.      No claims are released with respect to any offsets applied, or which may be applied to reduce benefits for Settlement Class members, other than Permanent Disability Offsets.  Without limiting the foregoing, except as provided in paragraph 8.05 below, with respect to Plaintiff as an individual, no claims are released with respect to any Settlement Class member's Retirement Plan Offsets.

e.      Settlement Class members who continued to be covered under ERISA plans funded by insurance policies issued by ReliaStar shall have all rights as specified by the express terms of their respective ERISA plans.

f.      The individuals listed in Appendix B were identified by ReliaStar as potential Settlement Class members, but the Parties have been unable to confirm or refute membership in the Settlement Class despite making reasonable and good faith efforts.  Said individuals do not release any claims of any nature under this Settlement, are not members of the Settlement Class or are excluded from the Settlement Class, and are not entitled to receive any settlement benefits or payments hereunder of any nature.

8.05  **Plaintiff's Additional Individual Release.**  In addition to the foregoing release of the Released Class Claims as against the Released Parties, which are released by Plaintiff as a member of the Settlement Class, Plaintiff, as an individual only and not on behalf of any other Settlement Class member, additionally releases those claims set forth in this Paragraph 8.05, as follows:

a.      Upon execution of this Agreement by Defendant and Plaintiff and issuance of the Final Approval Order by the Court, and in consideration of the benefits and other consideration set forth above, Plaintiff, as an individual only, shall automatically and without further action or notice be deemed to have irrevocably and unconditionally released, waived, and forever discharged the claims set forth in subparagraph 8.05(b) below as against those parties set forth in subparagraph 8.05(c) below.

b.      Plaintiff, as an individual only and not on behalf of any other Settlement Class member, additionally releases any and all past, present or future claims, lawsuits, insurance department complaints, attorney general complaints, actions, causes of action, demands, rights, damages, costs, interest, attorneys' fees, loss of service, expenses and compensation whatsoever, whether known or unknown, that Plaintiff now has, had or may hereinafter claim to have, in law or equity, whether based on statute, tort, contract, or other theory or recovery, as of the date of this Agreement, arising directly from Past or Future Retirement Plan Offsets against Plaintiff based on Plaintiff's Teamster's Union pension.

Plaintiff expressly waives and assumes the risk of any and all claims falling within the foregoing definition which exist as of this date, but which Plaintiff does not know or suspect to exist, whether through ignorance, oversight, error, negligence or otherwise, and which, if known, would materially affect Plaintiff's decision to enter into this Agreement.  This release includes all claims arising directly from Past or Future Retirement Plan Offsets against Plaintiff based on Plaintiff's Teamster's Union pension, of every nature and kind whatsoever, which Plaintiff may have against the parties set forth in subparagraph 8.05(c) below, known or unknown, suspected or unsuspected, past or present, which either may have against the other despite the fact that California Civil Code section 1542 may provide otherwise. Plaintiff expressly waives any right or benefit available in any capacity under the provisions of Section 1542, which provides as follows:

A general release does not extend to the claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with debtor.

To the extent this paragraph 8.05 conflicts with subparagraph 8.04(d) *supra*, this paragraph 8.05 shall govern.

c.     The foregoing claims set forth in subparagraph 8.05 are released as against the following parties:  ReliaStar, Farmer Brothers Company Long Term Disability Plan, the administrator of said Plan, and their present, former and future parent, sister, subsidiary and affiliated companies, their past, present and future officers, directors, employees, servants, attorneys, legal and beneficial shareholders, partners, privies, representatives, assigns and agents.

[*End reprinted text of Release and Waiver*]

8.     **Injunction:**  The Court hereby permanently enjoins Plaintiff and each and every Settlement Class member from bringing, joining, continuing, or voluntarily participating in any claims against ReliaStar for which a release is being given under the Settlement.

9.       **Attorneys' Fees and Litigation Expenses Award:**  The Court orders that Class Counsel shall be entitled to an award of reasonable attorneys' fees and litigation expenses incurred in connection with the Action and in reaching this Settlement.  The Court finds that an award of reasonable attorneys' fees and litigation expenses, as provided for herein, is appropriate based on the contractual agreement to pay such fees and expenses set forth in the Settlement, and pursuant to ERISA, 29 U.S.C. §1132(g)(1).

The Court finds to be reasonable, and awards to Class Counsel, attorneys' fees and litigation expenses, to be paid by ReliaStar as provided in the Settlement, in the total amount of six hundred and four thousand, three hundred ninety-nine dollars and forty-three cents, ($604,399.43).  This award of attorneys' fees and litigation expenses shall be the sole reimbursement to which Class Counsel is entitled from ReliaStar, or any party released by the Settlement.

The Court further orders that in accordance with paragraph 5.02 of the Settlement, in addition to the foregoing award of attorneys' fees and  litigation expenses, ReliaStar shall pay the costs of settlement notice and administration, up to a maximum total amount of $1,951.00, directly to the Class Administrator.

ReliaStar does not join in Class Counsel's application for an award of attorneys' fees and litigation expenses, nor join in requesting the related findings of fact or conclusions of law herein in this regard.  ReliaStar expressly does not join in requesting any finding that the hourly rates or time expended by Class Counsel in this action are reasonable.  Notwithstanding the foregoing, ReliaStar does not oppose an award of attorneys' fees and litigation expenses up to these amounts.

10.       **Findings in Support of Attorneys' Fees and Litigation Expenses Award:** In support of the foregoing award of attorneys' fees and litigation expenses, the Court finds:

A.     That the hourly billing rates claimed by Class Counsel, as set forth in Plaintiff's attorneys' fee motion and the supporting declarations and exhibits, are reasonable in light of the complexity of this litigation, Class Counsels' reputation, experience, and competence, prior approval of such billing rates for Class Counsel in this judicial district, and the prevailing billing rates for comparably complex work by comparably qualified counsel in this forum.

B.     That the time declared to have been expended by Class Counsel, as set forth in the motion for an award of attorneys' fees and supporting declarations, is reasonable in amount in view of the complexity and subject matter of this litigation, and the skill and diligence with which it has been prosecuted and defended, and the quality of the result obtained for the Settlement Class.

C.     That novel and difficult legal and factual questions have been presented by this litigation, and that counsel on both sides have demonstrated great skill in presenting their cases; that this litigation has consumed substantial attorney resources and precluded Class Counsel from other employment opportunities during the time period that this action has been pending; that Class Counsel have represented Plaintiff and the Settlement Class on a purely contingent basis; and that the Settlement represents a fair and reasonable resolution of this action, providing a substantial monetary recovery for the Settlement Class both from an individual Settlement Class member's perspective as well as from a class-wide perspective.

D.     That Class Counsel have incurred out-of-pocket litigation expenses in the amount of $26,723.45, that said expenses were of a nature typically billed to fee-paying clients, and that said expenses were reasonable and necessary to the prosecution of this action in light of the extent of proceedings both on and off the

Court's docket, the complexity of the legal and factual issues in the case, the amount at stake in this litigation, and the vigorous efforts of counsel for all parties herein.

E.      That Class Counsel's "lodestar" fee and litigation expense amount, representing attorneys' fees reasonably incurred at reasonable billing rates for work of this nature in this legal market, substantially exceeds the requested award of attorneys' fees and litigation expenses in the amount $604,399.43, (plus settlement notice and administration expenses to be paid directly to the Class Administrator, up to a maximum amount of $1,951.00).

11.     **No Adversarial Litigation of Motion for Fees and Expenses.**  In making the foregoing award of attorneys' fees and litigation expenses, and in making the related findings of fact and conclusions of law, the Court has reviewed Plaintiff's motion for an award of attorneys' fees and litigation expenses, and supporting papers, and determined that:  (a) the Settlement Class has received fair notice of the application for an award of attorneys' fees and litigation expenses, and (b) that the requested, unopposed amount, pursuant to the Settlement, was not the product of collusion or any other indicia of unfairness, and is reasonable and fair to the Settlement Class.

Notwithstanding, such issues have not been litigated on an adversarial basis in any motion or trial in this action.   No Settlement Class member or any other person submitted any objection to or made any appearance to oppose Class Counsel's stated intention in the original Settlement Agreement, disclosed in the Notice, to seek an award of fees and litigation expenses up to an amount greater than that which they are in fact seeking.  The findings and conclusions herein related to the legal bases for an award of attorneys' fees and litigation expenses and Class Counsel's lodestar amount, were requested by Plaintiff, and ReliaStar did not join in requesting them.  ReliaStar expressly does not join in requesting any finding that the hourly rates or time expended by Class Counsel in this action are reasonable. ReliaStar reserves all rights

16

to litigate such issues in any other future or pending litigation, or in this action if the Settlement should not receive final approval or if the judgment should not become final.

12.     **Class Representative Incentive:**  In addition to the foregoing award of attorneys' fees and litigation expenses, and not offsetting or reducing said award in any way, the Court orders that the class representative, Plaintiff, Dallas Alloway, shall be entitled to an incentive award, to be paid by ReliaStar as provided in the Settlement, to compensate for the burdens of his active involvement in this litigation, in the amount provided for by the Settlement, *to wit*: fifteen thousand dollars and no cents, ($15,000.00).  The Court finds that Mr. Alloway, although facing substantial physical disabilities, has actively participated and assisted Class Counsel in this litigation for the substantial benefit of the Settlement Class.

ReliaStar does not join in Class Counsel's application for an incentive award for the class representative, nor join in requesting the related findings herein, but does not oppose an incentive up to this amount.

13.     **Dismissal:**  The Second Amended Complaint and this Action, and all claims asserted therein, are dismissed in their entirety, with prejudice, against Plaintiff and each and every member of the Settlement Class, and in favor of ReliaStar.

14.     **Settlement Administration:**  The Settling Parties are hereby ordered to consummate the administration of the Settlement, including the issuance of all settlement payments and all other terms and conditions of the Settlement, in accordance therewith and with the terms of this Final Approval Order.

15.    **Entry of Judgment:**  The Court hereby enters Final Judgment in this action upon the terms and conditions set forth in this Final Approval Order and in the Settlement.

16.    **Retained Jurisdiction:**  Without affecting the finality of the judgment or Settlement, for the benefit of the Settlement Class and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the administration of the Settlement, to ensure the effectuation thereof in accordance therewith and with this Final Approval Order. Without limiting the foregoing, the Court will retain continuing jurisdiction over all aspects of this case including but not limited to **any** modification, interpretation, administration, implementation, effectuation, and enforcement of the Settlement, the administration of the Settlement and payment of settlement payments provided for by the Settlement,  the adequacy of representation by Class Counsel, the amount of attorneys' fees and litigation expenses to be awarded Class Counsel, the amount of any incentive compensation to be paid to the class representative, any claim by any party relating to the representation of the Settlement Class by Class Counsel , and all other issues related to this Settlement, including any collateral challenges made regarding any matter related to this litigation or this /// Settlement or the conduct of any party or counsel relating to this litigation or this Settlement.

**IT IS SO ORDERED.**

July 27, 2009

Honorable Christina A. Snyder
United States District Court Judge

Proposed Amended Order prepared and submitted by:

Robert S. Gianelli, #82116
Jully C. Pae, #233565
Richard R. Fruto, #200748
GIANELLI & MORRIS, A Law Corporation
626 Wilshire Blvd., Suite 800
Los Angeles, CA  90017
Tel:  213.489.1600; Fax:  213.489.1611
Email:  rob.gianelli@gmlawyers.com
          jully.pae@gmlawyers.com
          richard.fruto@gmlawyers.com

Raymond E. Mattison, #71850
Christopher D. Edgington, #169682
ERNST AND MATTISON, A Law Corporation
1020 Palm Street
San Luis Obispo, CA 93401
Tel:  805.541.0300; Fax:  805.541.5168
Email:  rem@emlaw.us
          ce@emlaw.us

Attorneys for Plaintiff, Dallas Alloway and the Class